**RECEIVED**

JUL 0 6 2026

KELLY L. STEPHENS, Clerk
OFFICE OF THE CLERK
U. S. Court of Appeals
Potter Stewart U. S. Courthouse
100 E. Fifth Street
Room 532
Cincinnati, Ohio 45202-3988

UNITED STATES COURT
OF APPEALS FOR
THE SIXTH CIRCUIT

CHARLES BALLARD, JR.,
Plaintiff,

Case No. 3:25-cv-8

v.

**RECEIVED**

OHIO ELECTIONS, et al.,
Defendants,

JUL 0 6 2026

KELLY L. STEPHENS, Clerk

---

**Motion to Remand for Further Proceedings and Reverse Dismissal for Lack of Standing**

Plaintiff–Appellant, proceeding pro se, respectfully moves this Court to reverse the district court's dismissal for lack of Article III standing and to remand this matter for further proceedings on the merits. Plaintiff alleges concrete and particularized injury arising from the State's handling of Plaintiff's own federal ballot in the administration of federal elections, including the failure to separately count, retain, preserve, and announce Plaintiff's vote for Vice President. The district court erred in treating these injuries as *generalized grievances* rather than injuries cognizable under Article III and federal statutory law.

**Relief Requested**

Plaintiff requests that this Court:

- Reverse the district court's dismissal for lack of standing.

1

- Hold that Plaintiff has standing under Article III because Plaintiff alleges a concrete, particularized, traceable, and redressable injury arising from the treatment of Plaintiff's own federal ballot.

- Hold that Plaintiff has statutory standing under the Administrative Procedure Act, 5 U.S.C. § 702 and § 706, because Plaintiff is a person adversely affected or aggrieved by agency action in the administration of federal elections.

- Hold that Plaintiff may seek relief under 42 U.S.C. § 1983 and federal voting-rights protections, including the Help America Vote Act, because state officials acting under color of law failed to properly count, preserve, and announce Plaintiff's federal votes, including Plaintiff's vote for Vice President.

- Remand the case to the district court for proceedings on the merits.

**District Court Error**

The district court concluded that Plaintiff asserted only a *generalized grievance* and therefore lacked standing. That ruling was erroneous because Plaintiff does not merely allege a general interest in lawful government. Plaintiff alleges that the State's election procedures injured Plaintiff personally by failing to separately count, preserve, and announce Plaintiff's own Vice-Presidential choice in the official election record.

Article III requires injury in fact, causation, and redressability. Plaintiff satisfies those requirements by alleging that Plaintiff personally cast a ballot in a federal election, that the State's counting and recordkeeping procedures failed to preserve Plaintiff's distinct Vice-Presidential choice in the official election record, and that judicial relief requiring lawful counting, retention, and announcement practices would redress that injury.

**Standing Under the APA**

2

Plaintiff's APA claim arises under 5 U.S.C. § 702 and § 706. Section 702 provides a right of review to a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action, and Section 706 authorizes courts to compel agency action unlawfully withheld and to hold unlawful agency action that is not in accordance with law, contrary to constitutional right, or short of statutory right. Plaintiff alleges that, during federal elections, the State performs federally governed election-administration functions and, in doing so, acts subject to federal law. In administering Plaintiff's ballot for federal offices, the State allegedly failed to separately count, preserve, and announce Plaintiff's vote for Vice President, thereby causing a concrete legal injury in the administration of a federally regulated election process. Under this theory, Plaintiff is a person adversely affected or aggrieved by election-administration action, and the failure to separately count, preserve, and announce Plaintiff's Vice-Presidential vote constitutes agency action unlawfully withheld or action short of statutory right. The district court therefore erred in dismissing the case before reaching whether the challenged election-administration conduct complied with governing federal law.

**Standing Under Federal Civil-Rights Law and HAVA**

Plaintiff also seeks relief under 42 U.S.C. § 1983 as the vehicle to enforce rights secured by the Constitution and federal voting-rights statutes. Claims under § 1983 may, in appropriate circumstances, be based on federal statutory rights, and authority discussing the Help America Vote Act recognizes that certain HAVA provisions create individual rights enforceable through § 1983.

3

HAVA imposes voter-specific protections in the administration of federal elections, including procedures tied to whether a ballot is counted and what information is provided to the voter regarding that status. Those individualized protections support Plaintiff's broader position that federal law does not treat ballot counting and election recordkeeping as abstract policy matters, but as legally regulated processes that directly affect individual voters.

Plaintiff's injury is concrete and individualized because it arises from the treatment of Plaintiff's own ballot. When state officials administer a federal election in a manner that effectively erases, merges, fails to preserve, or fails to reflect a voter's distinct Vice-Presidential choice so that it is never separately counted or meaningfully preserved in the official record, that voter suffers a direct injury to the effectiveness and legal recognition of the ballot cast.

Plaintiff further relies on 52 U.S.C. § 20701, which requires retention and preservation of records and papers relating to acts requisite to voting in federal elections for twenty-two months. That statute reinforces Plaintiff's position that federal law imposes concrete preservation obligations concerning federal election records and that a failure to preserve the distinct record of Plaintiff's ballot choices is a legally significant injury rather than a mere policy disagreement.

**State Role in Federal Elections**

States administer federal elections within a framework created and limited by the Constitution and federal statutes. Election administration in the United States is carried out largely at the state and local level, but those functions remain subject to federal constitutional and statutory constraints when states conduct elections for federal office.

4

Plaintiff's position is that when the State performs these federally governed tasks, it must comply with federal law concerning the counting, retention, preservation, and reporting of votes cast for federal offices. If no voter may challenge an unlawful failure to count, preserve, keep, and announce that voter's own federal ballot choices, then federal election law would lack any meaningful avenue for redress in cases of individualized vote-administration injury.

**Relevant Supreme Court Authority**

**Bost v. Illinois State Board of Elections**

In *Bost v. Illinois State Board of Elections*, No. 24-568 (U.S. Jan. 14, 2026), the Supreme Court held that a federal candidate had Article III standing to challenge state election rules governing vote counting in that candidate's election. The decision recognizes that election participants can possess a concrete and particularized interest in how votes are counted and how election results are produced.

Although *Bost* involved a candidate rather than an individual voter, its reasoning supports Plaintiff's standing **theory by analogy**. Just as a candidate has a concrete interest in the counting rules that govern the election, an individual voter has a concrete and particularized interest in how that voter's own ballot is counted, preserved, recorded, and reflected in the official election results. More importantly, if a candidate has standing because of the unique impact on their campaign, then the individual voter—***the very source of the candidate's votes***—likewise suffers a direct, concrete, and individualized injury when their specific ballot is not separately counted, preserved, and announced as federal law requires.

**South Carolina v. Katzenbach**

5

In *South Carolina v. Katzenbach*, 383 U.S. 301 (1966), the Supreme Court upheld the constitutionality of the Voting Rights Act of 1965 and recognized Congress's broad authority to protect the right to vote through federal legislation directed at unlawful election practices.

That principle supports Plaintiff's claim that federal law may regulate how states conduct and record federal elections in order to secure the effective exercise of the right to vote. Plaintiff's claim that the State failed to properly count, preserve, and announce Plaintiff's vote is consistent with the broader understanding that the right to vote includes meaningful legal protection for the vote once cast.

**Shelby County v. Holder**

In *Shelby County v. Holder*, 570 U.S. 529 (2013), the Supreme Court invalidated one part of the Voting Rights Act's coverage formula while still recognizing the central importance of voting rights and the role of federal law in protecting those rights. Although *Shelby County* narrowed one enforcement mechanism, it did not reject the principle that voting rights remain protected by federal law. Plaintiff invokes that continuing protection here through § 1983, HAVA, and federal voting-rights provisions, arguing that the failure to properly count, preserve, and announce Plaintiff's ballot choices inflicts a direct and judicially cognizable harm.

**Need for Remand**

Because Plaintiff alleges a concrete and particularized injury tied to Plaintiff's own ballot, identifies state action causing that injury, and seeks judicial relief capable of redressing that injury, dismissal at the threshold for lack of standing was improper. The district court should have allowed the case to proceed to merits consideration of

6

whether the challenged counting, preservation, retention, and announcement practices comply with federal law.

Remand is therefore warranted so that the district court may address the underlying legal questions rather than terminate the action on an erroneous view of standing. At minimum, Plaintiff has alleged enough to require further proceedings on whether federal law provides the protections Plaintiff invokes and whether the challenged conduct violated those protections.

**Requested Order**

Plaintiff respectfully requests that this Court:

1. Reverse the district court's dismissal for lack of standing.

2. Hold that Plaintiff has standing under Article III and may pursue review under 5 U.S.C. § 702 and § 706 and 42 U.S.C. § 1983, including claims informed by the Help America Vote Act and federal election-record preservation law.

3. Remand this matter to the district court for further proceedings on the merits.

Dated: June 24, 2026

I hereby certify that on this 24nd day of Jun 2026.

Dated: 24 Jun 2026
Respectfully submitted,
Charles Ballard

7



# U.S. District Court

## Ohio Southern - Dayton

Receipt Date: Jun 30, 2026 2:24PM

Charles Ballard

| Rcpt. No: 300004007 | Trans. Date: Jun 30, 2026 2:24PM | | | Cashier ID: #JMBn (7470) | |
|---|---|---|---|---|---|
| **CD** | **Purpose Code** | **Case/Party/Defendant** | **Qty** | **Price** | **Amt** |
| 203 | Notice of Appeal/Docketing Fee | | 1 | 605.00 | 605.00 |

| CD | Tender Type | | | Amt |
|---|---|---|---|---|
| NS | Nonscannable Check/MO | #11335757 | 06/24/2026 | $605.00 |
| | | | Total Due Prior to Payment: | $605.00 |
| | | | Total Tendered: | $605.00 |
| | | | Total Cash Received: | $0.00 |

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

Charles Ballard
806 McDowell PL
Dayton, OH 45433

USPS CERTIFIED MAIL

9502 6065 8091 6175 3344 62



U.S. POSTAGE
$16.30
RDC 03
45324    PM
Date of sale
06/24/202
02      8WSSK
2000392753

Us. District Courts
200 W. Second St, RM 712
Dayton, OHion 45402

Expected Delivery
06/29/2026

OFFICIAL BUSINESS

26-3403
MRL

RECEIVED

JUL 0 6 2026

KELLY L. STEPHENS, CLK