## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

**CHARLES BALLARD, JR.,**
Plaintiff-Appellant,

v.

**OHIO ELECTIONS, et al.,**
Defendants-Appellees.

District Court No. 3:25-cv-8

Case No 26-3403

**RECEIVED**

JUL 14 2026

KELLY L. STEPHENS, Clerk

---

### BRIEF FOR PLAINTIFF-APPELLANT CHARLES BALLARD, JR.

---

# TABLE OF AUTHORITIES

**Cases**

*Bost v. Illinois State Board of Elections*, No. 24-568 (U.S. Jan. 14, 2026)
*Shelby County v. Holder*, 570 U.S. 529 (2013)
*South Carolina v. Katzenbach*, 383 U.S. 301 (1966)

**Statutes**

5 U.S.C. § 702
5 U.S.C. § 706
42 U.S.C. § 1983
52 U.S.C. § 20701
Help America Vote Act (HAVA)

---

# STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction under 28 U.S.C. § 1331, as Plaintiff raised federal questions under the U.S. Constitution, the Administrative Procedure Act (5 U.S.C. §§ 702, 706), and the Civil Rights Act (42 U.S.C. § 1983). The district court dismissed the action for lack of standing. This Court has appellate jurisdiction under 28 U.S.C. § 1291 over the final judgment of the United States District Court for the Southern District of Ohio.

## STATEMENT OF THE ISSUES

1. Whether the district court erred in dismissing Plaintiff's complaint for lack of Article III standing by improperly characterizing a direct, particularized injury regarding the handling of Plaintiff's specific federal ballot as a "generalized grievance."

2. Whether Plaintiff has statutory standing under the Administrative Procedure Act (5 U.S.C. § 702 and § 706) as a person adversely affected or aggrieved by the State's failure to lawfully count, preserve, and announce Plaintiff's Vice-Presidential vote.

## STATEMENT OF THE CASE

Plaintiff-Appellant, proceeding *pro se*, filed this action against Defendants alleging concrete and particularized injury arising from the State's handling of Plaintiff's own federal ballot in the administration of federal elections. Specifically, Plaintiff challenged the State's failure to separately count, retain, preserve, and announce Plaintiff's specific vote for Vice President. The district court dismissed the action at the threshold, concluding that Plaintiff asserted only a generalized grievance and therefore lacked Article III standing. Plaintiff timely appeals to this Court to reverse the dismissal and remand for further proceedings on the merits.

## SUMMARY OF THE ARGUMENT

The district court fundamentally erred in treating Plaintiff's injuries as generalized grievances. Plaintiff does not merely allege a general interest in lawful government. Rather, Plaintiff alleges that the State's election procedures injured Plaintiff *personally* by failing to separately count, preserve, and announce Plaintiff's own distinct Vice-Presidential choice in the official election record. This constitutes a concrete, particularized, traceable, and redressable injury under Article III.

Furthermore, Plaintiff has standing under the Administrative Procedure Act and 42 U.S.C. § 1983 to enforce voter-specific protections mandated by the Help America

Vote Act and federal record-preservation statutes. State officials administering a federal election must comply with federal law. A failure to properly preserve and count a specific ballot inflicts a direct and judicially cognizable harm upon that specific voter.

# ARGUMENT

## I. The District Court Erred by Conflating a Direct, Personal Injury with a Generalized Grievance.

Article III requires injury in fact, causation, and redressability. Plaintiff satisfies those requirements by alleging that Plaintiff personally cast a ballot in a federal election, that the State's counting and recordkeeping procedures failed to preserve Plaintiff's distinct Vice-Presidential choice in the official election record, and that judicial relief requiring lawful counting, retention, and announcement practices would redress that injury.

When state officials administer a federal election in a manner that effectively erases, merges, fails to preserve, or fails to reflect a voter's distinct Vice-Presidential choice so that it is never separately counted or meaningfully preserved in the official record, that voter suffers a direct injury to the effectiveness and legal recognition of the ballot cast.

In *Bost v. Illinois State Board of Elections*, No. 24-568 (U.S. Jan. 14, 2026), the Supreme Court recognized that election participants can possess a concrete and particularized interest in how votes are counted and how election results are produced. More importantly, if a candidate has standing because of the unique impact on their campaign, then the individual voter—the very source of the candidate's votes—likewise suffers a direct, concrete, and individualized injury when their specific ballot is not separately counted, preserved, and announced as federal law requires.

## II. Plaintiff Has Statutory Standing Under the Administrative Procedure Act (APA).

Plaintiff's APA claim arises under 5 U.S.C. § 702 and § 706. Section 702 provides a right of review to a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action. Section 706 authorizes courts to compel agency action unlawfully withheld.

During federal elections, the State performs federally governed election-administration functions and acts subject to federal law. In administering Plaintiff's ballot for federal offices, the State failed to separately count, preserve, and announce Plaintiff's vote for Vice President. Plaintiff is a person "adversely affected or aggrieved" by this election-administration action, and the failure to process the vote properly constitutes "agency action unlawfully withheld" or action short of statutory right.

### III. Federal Law Provides Individualized Protections Enforceable Under 42 U.S.C. § 1983.

Plaintiff seeks relief under 42 U.S.C. § 1983 to enforce rights secured by federal voting-rights statutes, including the Help America Vote Act (HAVA). HAVA imposes voter-specific protections in the administration of federal elections, proving that federal law treats ballot counting not as an abstract policy matter, but as a legally regulated process directly affecting individual voters.

Furthermore, 52 U.S.C. § 20701 requires the retention and preservation of records relating to federal elections for twenty-two months. This reinforces Plaintiff's position that federal law imposes concrete preservation obligations concerning federal election records, and the failure to preserve the distinct record of Plaintiff's ballot choices is a legally significant injury.

As recognized in *South Carolina v. Katzenbach*, 383 U.S. 301 (1966), and continuing through *Shelby County v. Holder*, 570 U.S. 529 (2013), the right to vote remains protected by federal law, which includes meaningful legal protection for the vote once it is cast. The district court should have allowed the case to proceed to merits consideration rather than terminating the action on an erroneous view of standing.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

3.  Reverse the district court's dismissal for lack of standing.

4.  Hold that Plaintiff has standing under Article III and may pursue review under 5 U.S.C. §§ 702, 706, and 42 U.S.C. § 1983.

5.  Remand this matter to the district court for further proceedings on the merits.

Respectfully submitted,

_____

Charles M. R. Ballard, Jr
*Pro Se* Plaintiff-Appellant

**Dated:**
    11 Jul 2026

_____

## CERTIFICATE OF SERVICE

I hereby certify that on 11 Jul 2026 _____ I filed the foregoing Brief with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit. I further certify that a true and correct copy of the foregoing was served upon all counsel of record for Defendants-Appellees via standard mail and/or electronic service.

_____

Charles M. R. Ballard, Jr.

*Charles M. R. Ballard, Jr.*

Signed and sworn before me
On    07/11/2026 _____
By    Charles M. R. Ballard, Jr.

Ashley Brown
Notary Public, State of Ohio
My Commission Expires 02-24-2031



**UNITED STATES | PRIORITY® MAIL**

Retail

**P** | US POSTAGE PAID
**$12.90**
Origin: 45432
07/11/26
3820990734-79

■ Expe
■ Dom
■ USPS
■ Limit
■ Wher

s apply).*
International destinations.
required.
sions see the
mitations of coverage.

*Insuranc
Domestic
** See Int

PRIORITY MAIL®

0 Lb 2.20 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 07/15/26

C023

**FLA**
ONE R,

SHIP
TO:
RM 540
100 E 5TH ST
CINCINNATI OH 45202-3946

o schedule free Package Pickup,
scan the QR code.





USPS.COM/PICKUP

**TRA**

USPS TRACKING® #



9505 5160 2948 6192 6657 79

PAPER
POUCH

FROM:
C. Ballard
806 McDowell Pl
Dayton OH 45433

U.S MARSHALS SERVICE
X-RAY

TO:

U.S. Courts of Appeals
100 E 5th St, RM 540
Cincinnati, OH 45202

---

**UNITED STATES POSTAL SERVICE®** | **PRIORITY® MAIL**



# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

MRL
26-3403

# TRACKED ■ INSURED



**VISIT US AT USPS.COM®**